IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA, PAUL D. MERRITT, | ) | |
| District Judge, ROBERT OTTE, | ) | |
| District Judge, JOHN COLBORN, | ) | |
| District Judge, and TYLER G. | ) | |
| JACOBSEN, Deputy County | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 15, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 12.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on April 15, 2009, against the State of Nebraska and four individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (Filing No. 5 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that he was unable to satisfy the "SLAVE LABOR Order [sic]" requiring him to pay child support and was committed to the Lancaster County Jail. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that the "SLAVE LABOR Order [sic]" violates the Thirteenth Amendment. (*Id*.) Plaintiff seeks injunctive relief in the form of a court order that prevents Defendants from

"further confining Plaintiff in 'DEBTOR'S PRISON'[sic] [.]" (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily

implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff failed to comply with a court order requiring him to pay child support. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges this order constitutes slave labor in violation of the Thirteenth Amendment and seeks a court order that directs Defendants to release him from jail. (*Id*. at CM/ECF pp. 1-2.) These claims necessarily implicate the validity of Plaintiff's conviction and incarceration. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2. All Plaintiff's pending Motions are denied without prejudice to reassertion in his habeas corpus proceeding.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

---

[1] The court notes that Plaintiff has filed a Petition for Writ of Habeas Corpus in Case No. 4:09CV3076. (Case No. 4:09CV3076, Filing No. 8.) Thus, it appears that Plaintiff is already pursuing his claims in a separate habeas corpus proceeding.

May 29, 2009.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge